## WALKER, Judge, &c. *versus* HALL *et al.*

In stating a breach of an administration bond in not returning an inventory or rendering an account, it is necessary to aver that *some* property of the intestate came into the hands of the administrator.

DEBT on a bond, conditioned, among other things, that John Hall, administrator *de bonis non* of Ebenezer Hall, deceased, should, on or before the fifth day of April 1819, exhibit an inventory in the registry of the court of probate, and, on or before the fifth day of January 1820, render an account of his administration. The defendants pleaded performance generally. The plaintiff replied, that the administrator did not exhibit an inventory nor render an account, according to the condition of the bond. To this the defendants demurred, and assigned for causes of demurrer, that the plaintiff in his replication had not alleged that any property of the deceased had come into the hands of the administrator, nor that the administrator had been cited to render an account.

*Sheldon* referred to *Selectmen of Boston* v. *Boylston,* 4 Mass. Rep. 318 ; *Dawes* v. *Boylston,* 9 Mass. Rep. 337 ; *Paine* v. *Fox,* 16 Mass. Rep. 129, in support of the last ground of demurrer.

*Whiting,* on the other side. It would have been futile for the plaintiff to have alleged that ary property came into the hands of the administrator. He could know nothing about that fact. It lay entirely within the administrator's own knowledge.

*By the Court.* It ought to have been averred, that some

property of the deceased had come into the administrator's hands, although it was not necessary to state the exact amount. In the case of *The People* v. *Dunlap*, 13 Johns. Rep. 437, it was made a question whether such a general allegation was sufficient, and the court determined that it was. The objection arising from the want of this averment applies as well in relation to the account as to the inventory. The administrator was not bound to render an account or return an inventory when no property had come into his hands. The plaintiff should have shown that a damage had been sustained through the administrator's neglect.[1]

W ..ker,<br>Judge, &c<br>r.<br>Hall.

*Replication adjudged bad.*

---

[1] In stating a breach of an administration bond, in not inventorying land which the intestate, to defraud his creditors, in his lifetime conveyed to the administrator, it must be averred that the administrator was a party to the fraud, or had knowledge of it. *Newcomb* v. *Wing*, 3 Pick. 168. See *People* v. *M'Donald*, 1 Cowen, 189.